**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**Peter Rider, as Trustee of Local 134, Service Employees International Union, AFL-CIO**
**Plaintiff**

CA 04 419S

**v.**

**Karen MacAninch and Charles Wood**
**Defendants**

**COMPLAINT**

Peter Rider, as Trustee of Local 134, Service Employees International Union, by his attorneys Roberts, Carroll, Feldstein & Peirce and Kennedy, Schwartz and Cure, P.C., complains of Defendants Karen MacAninch and Charles F. Wood as follows:

## I. Introduction

1. This is an action under the common law of the United States pursuant to Section 301 of the Labor Management Relations Act, 29 USC § 185 and the common law of Rhode Island by a labor union that employed Defendants Karen MacAninch and Charles F. Wood to recover damages for unlawful receipt of salary by said Defendants and to recover damages for said Defendants' breach of their common law duty of loyalty to Local 134.

## II. The Parties

2. Local 134 is an unincorporated labor organization that has members in the State of Rhode Island. It is affiliated with the Service Employees International Union ("SEIU") and subject to the SEIU constitution

3. Peter Rider is a Trustee of Local 134 who was appointed to that position as of August 12, 2004 by the SEIU. As Trustee, he has the full power and duty to act on behalf of

Local 134 including actions taken to marshal its assets and obtain damages from any person who has committed wrongful actions towards Local 134.

4. Karen MacAninch resides at 22 Memorial Drive, Providence RI 02906. Until July 30, 2003, she was a full time salaried employee of Local 134, holding the position of Business Agent. At all relevant times until July 30, 2003 she was a member of Local 134 and the SEIU and bound by the constitutions of both organizations.

5. Charles F. Wood resides at 57 Lincoln Street, Seekonk, Massachusetts 12771. Until July 30, 2003, he was a full time salaried employee of Local 134, holding the position of Secretary Treasurer. At all relevant times until July 30, 2003 he was a member of Local 134 and the SEIU and bound by the constitutions of both organizations.

**III. Jurisdiction**

Jurisdiction over the claims asserted in this complaint arises under Section 301 of the Labor Management Relations Act, 29 USC § 185.

**IV. Facts Relevant to all Causes of Action**

6. Local 134 was the collective bargaining representative of several bargaining units at a number of employers in Rhode Island, including bargaining units at Brown University and Providence College. Local 134 realized its income from the dues of the members of the union that it represented for purposes of collective bargaining. In 2002, that dues income was approximately $240,000. That dues income was its only material source of income to support the conduct of its affairs.

7. Local 134 utilized its dues income to pay its operational expenses including the salaries of its employees MacAninch and Wood.

8. Local 134 is governed by its Constitution.

9. The SEIU is an International union headquartered in Washington DC. It is also governed by its constitution. The members and officers of Local 134 such as Defendants Wood and MacAninch are bound by both the constitutions of Local 134 and the SEIU.

10. The Constitution of Local 134 provides at Article V that " The Executive Board shall fix the compensation of any officer or employee, subject to approval of the general membership at a regular meeting". The constitution also provides at Article XIV that "a quorum shall consist of seven (7) members assembled at a regular or special meeting, called in accordance with this constitution and they shall be qualified to transact such business as may properly be considered at such meeting."

11. In 2002 Defendant MacAninch received a salary of $41,498 from Local 134 to serve as Business Agent and Defendant Wood received a salary of $39,998 from Local 134 to serve as Treasurer.

12. In the years 2002 and 2003, Defendants MacAninch and Wood granted unto themselves salary increases of more than 3% per year that were never approved at a regular membership meeting of the membership. Instead, MacAninch and Wood utilized meetings of six or fewer members of Local 134 to vote themselves salary increases.

13. Defendants MacAninch and Wood were not entitled to salary increases in the years 2002 and 2003 because those salary increases were never lawfully approved by the membership of Local 134.

14. In 2003, while serving as full time paid employees of Local 134, Defendants MacAninch and Wood engaged in organizing activities on behalf of a different labor union that was attempting to convince members of Local 134 to abandon Local 134 and enroll as members of the other labor organization. While Defendants MacAninch and Wood and the members of

Local 134 had a right to form and join any labor organization of their choice, Defendants MacAninch and Wood did not have a right to act in a manner contrary to the interests of Local 134 while at the same time they were its highest paid employees.

15. As a result of the disloyal conduct of Defendants MacAninch and Wood, Local 134 has lost substantial income that would otherwise have been received by Local 134. The members of Local 134 who chose to remain as members of Local 134 have lost relative bargaining strength in negotiations with their employers as Local 134 has declined in membership size and financial stability. The interests of the remaining members of Local 134 have been severely prejudiced by the conduct of Defendants MacAninch and Wood.

16. The constitution of the SEIU provides at Article XVI that no member of the SEIU shall injure the interests of another member by undermining such member in connection with wages or financial status or by any other act, direct or indirect, which would wrongfully jeopardize a member's office or standing. The conduct by Defendants MacAninch and Wood has undermined the remaining members of Local 134 in connection with their wages and financial status.

## V. Causes of Action

### FIRST CAUSE OF ACTION

### BREACH OF DUTY OF LOYALTY

17. Plaintiffs repeat each of the prior allegations.

18. Employees owe a duty of loyalty to their employers. Defendants MacAninch and Wood breached this duty of loyalty by engaging in efforts while full time paid employees of Local 134 to encourage and solicit members of Local 134 to abandon Local 134 and become members of a competing labor organization.

19. In April, May and June, 2003 Defendants MacAninch and Wood utilized paid salary time and resources of Local 134 to engage in activities specifically directed at harming Local 134 and diminishing its ability to effectively represent its members. Defendant MacAninch and Wood distributed designation cards for a different labor organization on various dates and locations including on June 9, 2003 at the premises of Providence College while they were being paid as employees of Local 134.

20. Defendants MacAninch and Wood have breached the fiduciary trust they owed as employees to Local 134 by soliciting the members of Local 134 to abandon it, by utilizing the resources of Local 134 to engage in such solicitation, and by demeaning Local 134 in the eyes of its members.

21. Local 134 and its remaining membership have been damaged by the decline in membership and loss of income to Local 134 as well as by the resulting loss of bargaining strength arising from the actions of Defendants MacAninch and Wood. The amount of this damage is estimated to be approximately $135,000.

**SECOND CAUSE OF ACTION**

**BREACH OF COMMON LAW DUTY OF NON-COMPETITION**

22. Plaintiffs repeat each of the prior allegations

23. Defendants MacAninch and Wood acted tortiously while they were in a fiduciary relationship with Local 134 in soliciting members of Local 134 to abandon it in favor of another organization. Defendants MacAninch and Wood interfered unjustifiably with the membership agreements of the members of Local 134, misappropriated Local 134's trade secrets involving the locations and composition of its membership to effectuate such interference, and converted other confidential business information belonging to Local 134.

24. Defendants MacAninch and Wood acted as agents for Local 134 and accordingly owed it a duty of loyalty to refrain from soliciting its membership and competing directly with Local 134 for membership.

25. Local 134 has been damaged by Defendants MacAninch and Wood in the amount of $135,000.

**THIRD CAUSE OF ACTION**

**CONVERSION OF LOCAL 134 FUNDS**

26. Plaintiffs repeat each of the prior allegations

27. Defendants MacAninch and Wood unlawfully converted the funds and property of Local 134 by paying themselves salary increases that were not authorized by the membership of Local 134. The unsupported salary increases paid to MacAninch and Wood since 2000 exceed $5,000 plus interest to date.

28. Defendants MacAninch and Wood further unlawfully converted the funds of Local 134 by utilizing its funds for purposes other than legitimate union purposes.

29. Local 134 has been damaged by its loss of the salary improperly converted by Defendants MacAninch and Wood.

**V. Relief Sought**

30. Plaintiffs seek a judgment against MacAninch and Wood:

A. Providing money damages against MacAninch and Wood and in favor of Local 134 in an amount equal to the damages suffered by Local 134 as a result of their conduct,

B. Ordering MacAninch and Wood to make restitution to Local 134 for the monies converted by them.

C. Providing such further different and other relief as may be just under the circumstances

Dated: September 28, 2004

SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
By its attorneys,

Richard M. Peirce (#0564)
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street – 8th Floor
Providence, RI 02903
401-521-7000
Fax: 401-521-1328

Thomas M. Kennedy, Esq.
Kennedy, Schwartz & Cure, P.C
113 University Place
New York, New York 10003
(212) 358-1500
(Admission Pro Hac Vice pending)

2076-4
248317