Fax of Local Associate Counsel:
Attorney John W. Dineen
401-331-9267

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER RIDER, as Trustee of Local 134,
Service Employees International Union, AFL-CIO

Plaintiff,

v.

Karen McAninch and Charles Wood

Defendants

CIVIL ACTION
NO. 04-419T

**ANSWER OF DEFENDANTS**
**KAREN MCANINCH AND CHARLES WOOD**

## I. Introduction

**1.** Paragraph one of the complaint states an introductory legal conclusion for which no answer is required.

## II. The Parties

**2.** Defendants admit the averments in paragraph two of the complaint.

**3.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph three of the complaint, except that Defendants admit knowledge that Peter Rider represents that he is a "Trustee" of Local 134.

**4.** Defendants admit the averments in paragraph four of the complaint except that: (a) Plaintiff has misspelled the Defendant's name as

12

referenced in that paragraph; (b) Plaintiff has misspelled the name of the street on which said Defendant resides; and (c) Plaintiff has averred legal conclusions for which no response is required with respect to its allegation that Defendant McAninch was "bound by" the constitutions of the Service Employees International Union ("International" or "SEIU") and SEIU, Local 134 ("Local 134"). Answering further the correct spelling of said Defendant's name is Karen McAninch (not "MacAninch"); Defendant McAninch lives on Memorial Road (not "Drive"); and the constitutions of the International and Local 134 are legal instruments which speak for themselves as to their contents.

**5.** Defendants admit the averments in paragraph five of the complaint except that Plaintiff has averred legal conclusions for which no response is required with respect to the allegation that Defendant Wood was "bound by" the constitutions of the International and Local 134, said documents being legal instruments which speak for themselves as to their contents.

## III. Jurisdiction

**Unnumbered paragraph inserted between paragraphs five and six.** The averment in the unnumbered paragraph that Plaintiff has inserted between numbered paragraphs five and six of the complaint is a legal conclusion relating to jurisdiction for which no response is required.

## IV. Facts Relevant To All Causes Of Action

**6.** Defendants admit the averments in paragraph six of the complaint except that: (a) Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in the second sentence of ¶6

because the word "union" in that sentence is nonsensical in context and the meaning intended by Plaintiff is therefore obscured; and, (b) contrary to the complaint averments dues income was not the "only material source of income" for Local 134.

**7.** Defendants admit the averments in paragraph seven of the complaint.

**8.** Defendants admit the averments in paragraph eight of the complaint.

**9.** Defendants deny the averments in paragraph nine of the complaint except that they admit that SEIU is an international union headquartered in Washington, D.C., and that it has a constitution. The balance of the averments in ¶9 are legal conclusions for which no answer is required and, in particular, with respect to the averment that Defendants were "bound by" the constitutions of the International and Local 134, said documents are legal instruments which speak for themselves as to their contents.

**10.** Defendants generally admit the averments in paragraph ten except that they state that the best evidence of the facts alleged in that paragraph is the actual constitution of Local 134. Answering further, said constitution speaks for itself and is the basis to determine whether the quotations in ¶10 are accurate.

**11.** Defendants admit the averments in paragraph eleven, except that with respect to Defendant McAninch her base salary was the same as that of Defendant Wood (i.e., $39,998), and that McAninch received a annual stipend

of approximately $1500 as health care insurance buy out (i.e., she did not receive health insurance through Local 134 and therefore received said stipend in lieu of coverage).

**12.** The averments in paragraph twelve are denied. Answering further, Defendants state that they received said 3% increases and that said increases were approved at a regular membership meetings of the membership, with appropriate quorum.

**13.** The averments in paragraph thirteen are denied. Further answering, Defendants incorporate their response to ¶12.

**14.** The averments in paragraph fourteen of the complaint are denied except to the extent expressly stated in this paragraph. It is true that Defendant McAninch and Defendant Wood were members of, and full time paid employees of Local 134, holding the positions of Business Agent and Financial Secretary-Treasurer respectively until July 30, 2003. Answering further, prior to July 30, 2003 the vast majority of the membership of Local 134 became outraged by announced plans of the International to transfer variously all or a substantial portion of the Providence-based Local 134 members to a Boston-based local union of SEIU known as "Local 615". Local 134 members were overwhelmingly against this and they expressed this vehement outrage to McAninch and Wood. However, the International was undeterred by the wishes of the overwhelming majority of the membership of Local 134 who were opposed to their transfer to the Boston local (Local 615). Accordingly, the International persisted with its announced plans to so transfer all or

substantial portions of the membership of Local 134 to Local 615. Not surprisingly, this further exacerbated the intensity of the memberships' insurgency, and the membership presented their outrage about the International's plans to Defendants McAninch and Wood. The insurgent membership initiated to Defendants McAninch and Wood that they wanted to form a new independent union to replace Local 134 (or Local 615), and to file representation petitions with the National Labor Relations Board (hereinafter "NLRB") by which the NLRB would hold elections for the members to choose between continuing with collective bargaining representation by Local 134 (or Local 615) or new union. In response to questions from the inquiring, insurgent membership about the situation, Defendants McAninch and Wood sometimes explained the lawful recourses that the membership had under the National Labor Relations Act. Also, in response to the membership Defendant Wood delivered representation cards to a printer, and McAninch on approximately two or three occasions assisted the membership in handing out representation cards. (Representation cards are signed by workers and submitted to the NLRB to document a "showing of interest" at the time that a petition for representation is filed with the NLRB.) The representation cards listed the name of the new union as "United Service & Allied Workers Of Rhode Island" (hereinafter "USAW"). This was protected activity by the membership and by McAninch and Wood.

**15.** The averments in paragraph fifteen state legal conclusions for which no answer is required. To the extent that facts are averred they are

denied. The only exception to this denial is that Defendants admit that a number of former collective bargaining units of Local 134, through elections duly held by the NLRB, have voted to oust Local 134 and obtain USAW as its new collective bargaining representative.

**16.** With respect to the first sentence of paragraph sixteen of the complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the sentence. Answering further, Defendants state that the contents of the International Constitution are established by the best evidence which is the constitution itself. With respect to the second sentence of paragraph sixteen it is denied.

**V. Causes Of Action**

**FIRST CAUSE OF ACTION**

**BREACH OF DUTY OF LOYALTY**

**17.** In paragraph seventeen of the complaint Plaintiff merely re-alleges the prior averments in the complaint and, in kind, Defendants re-allege their answers as stated above.

**18.** Paragraph eighteen is a legal conclusion for which no response is required. To the extent that paragraph eighteen contains factual averments describing the conduct of Defendants Wood and McAninch, Defendants deny those averments and incorporate their answer supra at ¶14.

**19.** Paragraph nineteen is a legal conclusion for which no response is required. To the extent that paragraph nineteen contains factual averments describing the conduct of Defendants Wood and McAninch, Defendants deny

those averments and incorporate their answer supra at ¶14. Answering further, the conduct of Defendants McAninch and Wood described supra at ¶14 did not occur on work time of Local 134.

**20.** Paragraph twenty is a legal conclusion for which no response is required. To the extent that paragraph twenty contains factual averments describing the conduct of Defendants Wood and McAninch, Defendants deny those averments and incorporate their answer supra at ¶14. Answering further, Defendants McAninch and Wood did not use resources of Local 134 in engaging in the conduct described supra at ¶14.

**21.** Paragraph twenty-one is a legal conclusion for which no response is required. To the extent that paragraph twenty-one contains factual averments, those averments are denied. Answering further, with respect to averments pertaining to the conduct of Defendants Wood and McAninch, Defendants incorporate their answer supra at ¶14.

**SECOND CAUSE OF ACTION**

**BREACH OF COMMON LAW DUTY OF NON-COMPETITION**

**22.** In paragraph twenty-two of the complaint Plaintiff merely re-alleges the prior averments in the complaint and, in kind, Defendants re-allege their answers as stated above.

**23.** Paragraph twenty-three is a legal conclusion for which no response is required. To the extent that paragraph twenty-three contains factual averments, those averments are denied. Answering further, with respect to

averments pertaining to the conduct of Defendants Wood and McAninch, Defendants incorporate their answer supra at ¶14.

**24.** Paragraph twenty-four is a legal conclusion for which no response is required. To the extent that paragraph twenty-four contains factual averments, those averments are denied. Answering further, with respect to averments pertaining to the conduct of Defendants Wood and McAninch, Defendants incorporate their answer supra at ¶14.

**25.** Paragraph twenty-five is a legal conclusion for which no response is required.

**THIRD CAUSE OF ACTION**

**CONVERSION OF LOCAL 134 FUNDS**

**26.** In paragraph twenty-six of the complaint Plaintiff merely re-alleges the prior averments in the complaint and, in kind, Defendants re-allege their answers as stated above.

**27.** The averments in paragraph twenty-seven are legal conclusions for which no answer is required. To the extent that any facts are alleged, they are denied.

**28.** The averments in paragraph twenty-eight are legal conclusions for which no answer is required. To the extent that any facts are alleged, they are denied.

**29.** The averments in paragraph twenty-nine are legal conclusions for which no answer is required. To the extent that any facts are alleged, they are denied.

## V. Relief Sought

**30.** The statements in paragraph thirty are requests for relief which are legal conclusions for which no answer is required. Answering further, Defendants state that they are not the proximate cause of any such alleged damages.

## VI. Defenses

**31.** All of Plaintiff's causes of action are barred by applicable statute(s) of limitations.

**32.** The first and second causes of action of Plaintiff are preempted by the National Labor Relations Act and therefore should be dismissed.

**33.** All of Plaintiff's causes of action are barred because Plaintiff has failed to exhaust internal remedies under the constitutions of the International and Local 134 before resorting to this forum.

**34.** All causes of action of Plaintiff are preempted by Section 301 of the Labor Management Relations Act, 29 USC §185 insofar as each cause of action is averred under "common law" or other state law of Rhode Island.

**35.** All causes of action fail to state a claim upon which relief may be granted.

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE LOCAL COUNSEL:

John W. Dineen, RI Bar #2346
Yessor Glasson & Dineen
Counselors at Law
One Providence Washington Plaza
Providence, RI 02903
Tele. #: 401-331-3550
Fax #: 401-331-9267

ASSOCIATE COUNSEL,
ADMISSION PRO HAC VICE:

Alan J. McDonald, Esq.
Jack J. Canzoneri, Esq.
McDonald & Associates
153 Cordaville Road, Ste. 210
Southborough, MA 01772
Tele. #: 508-485-6600
Fax #: 508-485-4477

Dated: December 20 2004

**Certificate of Service**

I, John W. Dineen, Associate Local Counsel in the above-entitled matter hereby certify that I have this day, by first-class mail, postage prepaid, served a copy of the foregoing Answer Of Defendants Karen McAninch And Charles Wood upon Counsel for Plaintiff: (1) Associate Local Counsel, Richard M. Peirce (#0564), Roberts, Carroll, Feldstein & Pierce, Ten Weybosset Street – 8th Floor, Providence, RI 02903 [Tele. #401-521-7000; Fax #: 401-521-1328]; and (2) Associate Counsel, Admission Pro Hac Vice, Thomas M. Kennedy, Esq. and Stuart Lichten, Esq., Kennedy, Schwartz & Cure, P.C., 113 University Place, New York, NY 10003 [Tele.# 212-358-1500].

Dated: December 22, 2004

John W. Dineen, RI Bar #2346