Fax of Local Associate Counsel:
Attorney John W. Dineen
401-331-9267
& Assoc. Counsel Pro Hac Vice
Attorney Jack J. Canzoneri
508-485-4477

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER RIDER, as Trustee of Local 134,
Service Employees International Union, AFL-CIO

Plaintiff,

v.

Karen McAninch and Charles Wood

Defendants

CIVIL ACTION
NO. 04-419-T

**DEFENDANTS' MOTION TO FILE MEMORANDUM OF LAW OF 30 PAGES PURSUANT TO AMENDED GENERAL ORDER #2002-01 IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS**

Defendants respectfully move for leave of court to file a memorandum of law of thirty (30) pages in support of Defendants' motion for judgment on pleadings. Defendants seek to file said motion and memorandum of law with the court at the case conference scheduled for Tuesday, February 8, 2005 at 9:30 a.m. and therefore request a ruling on this at the court's earliest convenience. There is good cause to grant this motion:

1. Amended General order #2002-01 provides for a twenty (20) page limit for motions for dismissal and summary judgment, and ten (10) pages for all other motions. Here Defendants will be filing a motion for judgment on the pleadings. The memorandum of law that Defendants shall file in support of

13

that motion is fully akin to the dimension of any memorandum of law that would be filed in support of a motion to dismiss. This is because the legal analysis for a motion to dismiss and motion for judgment on pleadings is the same (or nearly identical); the complaint allegations of plaintiff are deemed true and the court is asked to determine as a matter of law whether plaintiff has stated a claim upon which relief may be granted. Collier v. City of Chicoppe, 158 F.3d 601, 602 (1st Cir. 1998); Rockwell v. Cape Cod Hospital, 26 F.3d 254, 255 (1st Cir. 1994). Therefore, without more, Defendants respectfully submit that the twenty (20) page limit at a minimum should be granted here rather than the ten (10) page limit. For the reasons set forth next, however, Defendants further state specific reasons why compliance even with a twenty page limit here is not sufficient and why a thirty (30) page limit is appropriate.

2. Defendants' counsel is presently drafting the memorandum of law in support of the upcoming motion for judgment on the pleadings and therefore counsel has a greater sense of how many pages each aspect of the memorandum encompasses. To begin with the memorandum of law will have a facts section. In that section Defendants shall recite the allegations which the court should deem true for purposes of analyzing the motion, as well as all fair inferences which the court should draw in favor of Plaintiff at this stage. Unlike a motion for summary judgment where pages setting forth facts may be minimized because facts are otherwise set forth in detail in a separate document stating "facts for which there is no genuine issue of material fact" (or facts for which there is an issue), here that is not possible since this is not a

motion for summary judgment. Consequently, greater detail is required to state the facts and this is a factor impacting the length of the memorandum of law. At this stage it appears that the facts section alone will comprise approximately five pages, plus apparently two pages for an introduction and statement of the legal standard to be applied in deciding a motion for judgment on pleadings. Thus, before the argument starts, we anticipate that approximately seven pages will be consumed on matters other than substantive legal argument.

3. Defendants then intend to assert at least four (if not five) independent bases for dismissing each of the three counts in Plaintiff's complaint. In doing so, Defendants will be required to review two discrete aspects of labor law; preemption of claims by Sections 7, 8 and 9 of the National Labor Relations Act, 29 U.S.C. §157, §158, and §159; and preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Further, there will be an argument relating to statute of limitations for Section 301 claims, and that issue requires review of case law and analysis since the applicable statute of limitations under Section 301 is decided by reference to other laws on a case by case basis. Thus, we will have to review that law and apply it to the facts of this case. Furthermore, Defendants intend to make at least one further (if not two further arguments) arguments relating to whether damages are permitted against individuals (as compared to damages against unions and employers as institutions which are permitted) under Section 301. That analysis requires a review of the plain text of Section 301, 29 USC §185,

which bars damages as claimed here against individuals, and also a review of case law which shows how that provision has been applied. Our best estimate is that each of the four arguments noted above will comprise an average of six pages for a total of twenty-four (24) additional pages. That, combined with projected pages for facts, introduction and recitation of legal standards, yields a brief of approximately thirty pages. That page limit as well may impose a strain to the extent that Defendants include a fifth independent basis for dismissal.

WHEREFORE, Defendants respectfully request leave of court to file a memorandum of law in support of their motion for judgment on pleadings (a motion which Defendants plan to file at the case conference on February 8th if this motion is granted in time) of thirty (30) pages.

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE LOCAL COUNSEL:

John W. Dineen, RI Bar #2346
Yessor Glasson & Dineen
Counselors at Law
One Providence Washington Plaza
Providence, RI 02903
Tele. #: 401-331-3550
Fax #: 401-331-9267

Dated: February 4, 2005

ASSOCIATE COUNSEL,
ADMISSION PRO HAC VICe

Alan J. McDonald, Esq.
Jack J. Canzoneri, Esq.
McDonald & Associates
153 Cordaville Road, Ste. 210
Southborough, MA 01772
Tele. #: 508-485-6600
Fax #: 508-485-4477

Dated: February 4, 2005

**Certificate of Service**

I, John W. Dineen, hereby certify that I have this day, by first-class mail, postage prepaid, served a copy of the foregoing Defendants' Motion To File Memorandum Of Law Of 30 Pages Pursuant To Amended General Order #2002-01 In Support Of Defendant's Motion For Judgment On Pleading upon Counsel for Plaintiff: (1) Associate Local Counsel, Richard M. Peirce (#0564), Roberts, Carroll, Feldstein & Pierce, Ten Weybosset Street – 8th Floor, Providence, RI 02903 [Tele. #401-521-7000; Fax #: 401-521-1328]; (2) Associate Counsel, Admission Pro Hac Vice Pending, Thomas M. Kennedy, Esq., Kennedy, Schwartz & Cure, P.C., 113 University Place, New York, NY 10003 [Tele.# 212-358-1500].

John W. Dineen

Dated: February 4, 2005