Fax of Local Associate Counsel:
Attorney John W. Dineen
401-331-9267
& Assoc. Counse Pro Hac Vice
Attorney Jack J. Canzoneri
508-485-4477

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER RIDER, as Trustee of Local 134,
Service Employees International Union, AFL-CIO

Plaintiff,

CIVIL ACTION
NO. 04-419-T

v.

Karen McAninch and Charles Wood

Defendants

**DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS**

Defendants respectfully move for an order Staying Discovery pending the Court's disposition of Defendants' motion for judgment on pleadings pursuant to Fed. R. Civ. Proc. Rule. 26(c). There is good cause for the court to grant this motion as set forth in Defendant's memorandum of law in support of this motion filed simultaneously with the clerk, and Authorities Supplement also filed simultaneously directly with the judge pursuant to Amended General Order #2002-01, both of which are incorporated by reference.

**Certification of Conferral By Counsel**
**Pursuant to Fed. R. Civ. Proc. Rule 26(c)**

The undersigned counsel for Defendants certify that, as counsel for movant in the subject discovery motion, they have in good faith conferred with other affected parties (i.e., Plaintiff's counsel) in an effort to resolve the dispute without court action and have been unable to resolve the dispute.

14

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE LOCAL COUNSEL:

John W. Dineen, RI Bar #2346
Yessor Glasson & Dineen
Counselors at Law
One Providence Washington Plaza
Providence, RI 02903
Tele. #: 401-331-3550
Fax #: 401-331-9267

Dated: February 8, 2005

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE COUNSEL,
ADMISSION PRO HAC VICE:

Alan J. McDonald, Esq.
Jack J. Canzoneri, Esq.
McDonald & Associates
153 Cordaville Road, Ste. 210
Southborough, MA 01772
Tele. #: 508-485-6600
Fax #: 508-485-4477

Dated: February 8, 2005

**Certificate of Service**

I, John W. Dineen, hereby certify that I have this day, by HAND DELIVERY served a copy of the foregoing Defendants' Motion For Stay Of Discovery Pending Defendants' Motion For Judgment On Pleadings upon Counsel for Plaintiff: (1) Associate Local Counsel, Richard M. Peirce (#0564), Roberts, Carroll, Feldstein & Pierce, Ten Weybosset Street – 8th Floor, Providence, RI 02903 [Tele. #401-521-7000; Fax #: 401-521-1328]; (2) Associate Counsel, Admission Pro Hac Vice, Thomas M. Kennedy, Esq. and Stuart Lichten, Kennedy, Schwartz & Cure, P.C., 113 University Place, New York, NY 10003 [Tele.# 212-358-1500].

Dated: February 8, 2005

John W. Dineen, RI Bar #2346

Fax of Local Associate Counsel:
Attorney John W. Dineen
401-331-9267
& Assoc. Counse Pro Hac Vice
Attorney Jack J. Canzoneri
508-485-4477

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER RIDER, as Trustee of Local 134,
Service Employees International Union, AFL-CIO

Plaintiff,

v.

Karen McAninch and Charles Wood

Defendants

CIVIL ACTION
NO. 04-419-T

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR A STAY OF DISCOVERY PENDING DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS**

On February 8, 2005 (at the time of the case conference in the above-captioned matter), Defendants shall file their motion for judgment on pleadings. (This assumes that the court grants Defendants' pending motion for leave to file a memorandum of law in support of said motion of thirty (30) pages.)[1] Thereafter Plaintiff shall file its opposition memorandum of law and the issue shall be joined by early March and presumably the court will decide the motion within six months or less. Accordingly, we assume that by no later

[1] If that motion for leave to file a brief of 30 pages is not granted, Defendants shall file a modified memorandum consistent with the court's order within five days of notice of such ruling, and Defendants are agreeable to the court's imposition of this as a condition for any Stay of discovery issued pursuant to the subject motion.

than early September 2005 the parties will know of the court's disposition of the motion. Should the court grant Defendants' motion for judgment on the pleadings, Plaintiff's complaint will be dismissed in all respects and discovery rendered moot. We recognize that the court must balance the factors of economy and efficiency with the factor of prompt resolution of the lawsuit in exercising discretion in determining whether to Stay discovery. However, in this case Defendants vehemently submit that any incremental benefit towards a prompt resolution of the lawsuit if a Stay is not granted is by far outweighed by the benefits that will be obtained by issuing a Stay, as demonstrated next.

### A. Likelihood Of Success On Merits Of Motion For Judgment On Pleadings Favors Issuing A Stay.

In considering this motion for a stay of discovery pending the court's decision on the motion for judgment on the pleadings, the court may consider the likelihood of Defendants' succeeding in obtaining dismissal. For purposes of this argument the following points are summarized (as presented in greater detail in the memorandum in support of the motion for judgment on the pleadings) which show that there is a strong likelihood that Defendants will prevail and that a Stay should be issue as requested.

#### 1. Ruling of Judge Mary M. Lisi of October 27, 1999 in a nearly identical case dismissing that lawsuit on all counts.

By order of October 27, 1999 Rhode Island Federal District Court Judge Mary Lisi adopted the Report and Recommendation submitted by Magistrate Judge Martin dated October 8, 1999 in <u>Rhode Island Fed. of Teach. and Health</u>

Prof. v. Callaci, CA No. 99-005 ML (1999) ("Callaci").[2] For the convenience of the court Defendants have submitted a copy of the Callaci ruling directly to the judge simultaneous with the filing of this memorandum pursuant to Amended General order #2002-01. In Callaci issues were presented that were nearly identical to those presented in this case, with the court sustaining the position advanced by the defendant in Callaci on the similar (if not identical) issues of NLRA preemption and fatal defects in plaintiff's Section 301 claims as raised here by Defendants. The Callaci case presents a strong predictor that this case as well will be dismissed and this is a factor supporting issuance of a Stay of Discovery as requested by Defendants.

**2. Section 301 precludes money damages against individuals, yet Section 301 is the sole basis by which Plaintiff asserts jurisdiction in the instant lawsuit to obtain money damages against Defendants who are individuals.**

Plaintiff states in its complaint that this court's jurisdiction arises under Section 301 of the LMRA, 29 U.S.C. §185 ("Section 301"), (Comp. at unnumbered paragraph between paragraphs 5-6); the only relief that Plaintiff seeks here is money damages; and Plaintiff's lawsuit is against two individuals rather than an institution like an employer or union as defendants. However,

---

[2] This Court as well has two rulings applying NLRA Preemption doctrine, in one case finding preemption where the state sought to prohibit employer from hiring replacement workers, Charlesgate Nursing Center v. Rhode Island, 723 F.Supp. 859 (R.I.D.C. 1989); and one finding against preemption there the state law required that gas workers have certain requisite experience (two years) even though this made it "more difficult" for the employer to find replacement workers during a job action, Southern Union Gas. Co. v. Rhode Island Div. of Pub. Utilities and Carriers, 306 F.Supp 2d 129 (R.I.D.C. 2004).

the plain and unambiguous language of Section 301 (quoted in the margin) has always precluded an award of damages against individuals.[3] See Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 407-08 (1981) ("the legislative history of § 301 clearly reveals Congress' intent to shield individual employees from liability for damages. . . . Indeed, Congress intended this result even though it might leave the employer unable to recover for his losses"). Plaintiff has no apparent legal basis under Section 301 for obtaining money damages against individual Defendants as in this case, and yet it has cited Section 301 as the jurisdictional basis for its lawsuit. This, without more, provides a compelling basis to conclude that there is a strong likelihood that Plaintiff's complaint will be dismissed in its entirety.

---

3 Section 301, subdivision "b" of states as follows:

> (b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments.
>
> . . . . Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. §185(b) (emphasis added)..

**3. Plaintiff's complaint challenges conduct of Defendants which is subject to the primary jurisdiction of the National Labor Relations Board ("NLRB") and therefore is preempted by the National Labor Relations Act ("NLRA") at Sections 7, 8 and 9, 29 U.S.C. §§157-159.**

Preemption under NLRA Section 7-8. There is a strong likelihood that this court will find that Plaintiff's complaint is preempted by NLRA Sections 7-8. This is because the complaint, at bottom, reduces to an attack on Defendants for having engaged in conduct that is arguably protected or prohibited by Sections 7 and 8. In particular, Plaintiff's complaint assails Defendants for having:

- encouraged employees to exercise protected rights under NLRA §7 (29 U.S.C. §57);
- engaged in conduct in assisting workers in signing "designation cards" and filing representation petitions with the NLRB even though such conduct plainly constitutes "mutual aid or protection" by Defendants in support of other employees within the meaning of Section 7; and,
- played a role in causing employees to file such representation petition materials with the NLRB to trigger democratic elections supervised and administered by the NLRB to determine whether Plaintiff would continue as their collective bargaining agent.

However, such claims are preempted by the NLRA, as Judge Lisi similarly held in Callaci (submitted separately) where the nearly identical issue was raised. The preemption holding in Callaci was based upon the Supreme Court's seminal ruling in San Diego Building Trades Council v. Garmon, 359 U.S. 236, 242 (1959) which is fully applicable here holding that state and federal claims

are preempted to the extent that they relate to conduct that is "arguably protected or prohibited" by Sections 7 and 8 of the NLRA.[4] Because Plaintiff's complaint attacks conduct of Defendants that is either arguably protected or prohibited by Sections 7 and 8 of the NLRA, it is preempted under the doctrine established in Garmon.[5]

Preemption under NLRA Section 9. Plaintiff's complaint is also based upon a theory of damages that is preempted by Section 9 of the NLRA. In particular, Section 9 is a provision of the NLRA, 29 U.S.C. §159, which grants primary jurisdiction to the NLRB to supervise and administer representation elections, as well as to certify that such elections were democratic and that the outcome reflected free choice of the employees without coercion. In its complaint, though, Plaintiff alleges that it suffered economic losses. Importantly, it contends that such losses were incurred as a result of having been ousted as collective bargaining agent.[6] Consequently, there is a powerful argument that Plaintiff's complaint is nothing more than a thinly disguised,

---

[4] See also, e.g., the First Circuit's recent application of such NLRA preemption principles in cases Chaulk Services v. Mass. Comm'n Against Discrim., 70 F.3d 1361, 1364 (1st Cir. 1995), and this court's own rulings as cited in the footnote above.

[5] There is also an argument developed in Defendant's memorandum of law in support of the motion for judgment on the pleadings that Defendants conduct is arguably "prohibited" by Section 8 of the NLRA, citing the Third Circuit's ruling in Pennsylvania Nurses Association v. Pennsylvania State Education Association, 90 F.3d 797 (3rd. Cir. 1996) and Callaci, CA No. 99-005 ML (1999) (submitted separately).

[6] None of the economic harm that Plaintiff alleges in this regard would have occurred if the NLRB did not order Plaintiff's ouster as collective bargaining agent following democratic elections supervised by the NLRB.

frivolous attempt to circumvent the NLRB's exclusive jurisdiction under Section 9. Since the NLRB's judgment in certifying the results of such elections is unassailable as a matter of law,[7] it follows that Plaintiff's theory of damages, predicated indirectly as it is on attacking the results of those elections, is also preempted by NLRA Section 9.

**4. Six months statute of limitations under Section 301 (29 U.S.C. §185) bars Plaintiff's frivolous lawsuit on all counts.**

Regardless of the court's disposition of the above points, the Court may also dismiss the complaint on all three counts separately and independently because the complaint was filed well after the applicable six months statute of limitations for Section 301 claims. In Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held that an employee's action against his union for breach of the duty of fair representation and against his employer, under Section 301, for breach of a labor agreement, were barred by the six month statute of limitations found in Section 10(b) of the National Labor Relations Act, 159 U.S.C. §160(b). The same period applies here under the court's rationale in Del Costello and bars Plaintiff's claims.

[7] The breadth of NLRA preemption under Section 9 is so expansive that courts do not even have jurisdiction to review NLRB determinations under Section 9. Union De La Construccion De Concreto Y Equipo Pesado, v. NLRB, 10 F.3d 14, 15-16 (1st Cir. 1993) ("The Board is clearly right in pointing out that we lack the legal power to review directly an NLRB determination about which union represents a group of employees. NLRA §10 . . . does not authorize judicial review of NLRA §9 "representation" determinations.").

**5. Plaintiff's lawsuit is barred because Plaintiff failed to allege exhaustion of intraunion remedies.**

The Supreme Court has held that, unless it would be futile (usually the case when an individual member sues a recalcitrant union that will not abide by the process in good faith), a plaintiff is required to exhaust internal union remedies as a condition precedent to any Section 301 claims in federal court. Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965). Cf. Clayton v. Automobile Workers, 451 U.S. 679 (1981) (but not where it would be futile to engage such intra union remedies). In this case Plaintiff has failed to (and cannot in good faith) allege exhaustion of intraunion remedies with respect to Defendants' alleged violations of the union's internal bylaws and/or constitutions of which Plaintiff complains, and accordingly the complaint may be dismissed.

**B. The Factor Of Economic Efficiency Supports Issuing A Stay.**

Another consideration that supports issuing a Stay of discovery is economic efficiency. We expect there will be significant attorneys services that are required to defend Defendants during discovery, including taking and defending multiple depositions; drafting written discovery requests and responses; and correspondence with opposing counsel and possibly with the court in the event of discovery disputes. Plaintiff's will incur similar expenses, but Plaintiff who opposes this motion is apparently not concerned about spending funds on attorneys fees even if the case is dismissed ultimately (Plaintiff Local 134 being an affiliate of a 1.7 million member international

union (S.E.I.U.) and Defendants being two individuals). Nevertheless, Defendants are concerned about these expenditures and vehemently urge the court to take those defense expenditures into account as another factor supporting issuance of a Stay of Discovery as requested by Defendants here.

In addition, with respect to Plaintiff's interests in a resolution of the lawsuit six months sooner or later (six months being the maximum time we project for the court to decide the motion for judgment on pleadings), it should be understood that the instant lawsuit is about Defendants' alleged wrongdoing that by all accounts did not and could not continue after July 31, 2003, the date that Plaintiff severed their employment. This severance date is significant also because it marks the last date for which Plaintiff complains of conduct by Defendants. Consequently, there is no allegation of continuing improper conduct of Defendants triggering further damages to Plaintiff. Therefore, Plaintiff's have no reasonable economic interest in resisting a Stay; i.e., a money judgment in favor of Plaintiff's six months sooner or later simply has no practical benefit to the Plaintiff who is an affiliate of a 1.7 million member international union.

### C. **Conclusion.**

For the above reasons Defendants respectfully submit that there is good cause to issue a Stay of Discovery pending the court's disposition of Defendants' pending motion for judgment on the pleadings.

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE LOCAL COUNSEL:

John W. Dineen, RI Bar #2346
Yessor Glasson & Dineen
Counselors at Law
One Providence Washington Plaza
Providence, RI 02903
Tele. #: 401-331-3550
Fax #: 401-331-9267

Dated: February 8, 2005

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE COUNSEL,
ADMISSION PRO HAC VICE:

Alan J. McDonald, Esq.
Jack J. Canzoneri, Esq.
McDonald & Associates
153 Cordaville Road, Ste. 210
Southborough, MA 01772
Tele. #: 508-485-6600
Fax #: 508-485-4477

Dated: February 8, 2005

**Certificate of Service**

I, John W. Dineen, hereby certify that I have this day, by HAND DELIVERY served a copy of the foregoing Defendants' Memorandum In Support Of Its Motion For A Stay Of Discovery Pending Defendants' Motion For Judgment On Pleadings upon Counsel for Plaintiff: (1) Associate Local Counsel, Richard M. Peirce (#0564), Roberts, Carroll, Feldstein & Pierce, Ten Weybosset Street – 8th Floor, Providence, RI 02903 [Tele. #401-521-7000; Fax #: 401-521-1328]; (2) Associate Counsel, Admission Pro Hac Vice, Thomas M. Kennedy, Esq. and Stuart Lichten, Kennedy, Schwartz & Cure, P.C., 113 University Place, New York, NY 10003 [Tele.# 212-358-1500].

Dated: February 8, 2005

John W. Dineen, RI Bar #2346