Fax of Local Associate Counsel:
Attorney John W. Dineen
401-331-9267
& Assoc. Counse Pro Hac Vice
Attorney Jack J. Canzoneri
508-485-4477

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER RIDER, as Trustee of Local 134,
Service Employees International Union, AFL-CIO

Plaintiff,

v.

Karen McAninch and Charles Wood

Defendants

CIVIL ACTION
NO. 04-419-T

**DEFENDANT'S THREE REPLY POINTS**
**IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON PLEADINGS**

**POINT ONE: Section 301 Suits May Be Dismissed On Grounds That They Conflict With The Exclusive Jurisdiction Of The NLRB.**

At page 4 of its opposition Plaintiff contends that a Section 301 claim cannot be dismissed on grounds that it involves facts that arguably implicate rights under the NLRA. The First Circuit in Newspaper Guild of Salem v. Ottaway News., 79 F. 3d 1273 (1st Cir. 1996), rejected this argument. The First Circuit there held that a District Court may exercise discretion to dismiss such a claim especially where the thrust of the claim is an allegation of an unfair labor practice rather than a contract claim. Id. at 1282. Here the thrust of Plaintiff's claim is that Defendants' actions as agents of a rival union, USAW, violated Section 8(b)(1)(A). (See Def. main brief at page 18 for cases that discuss this as well.)[1] Consequently, Ottaway controls the

[1] This also shows that Plaintiff's claim that there can be no NLRA rights or unfair labor practices filed by Local 134 is false. (Pl. Oppos. at 7-8.) Local 134 could have filed an unfair labor practice against USAW attacking the conduct of Defendants as agents of USAW as a violation of Section 8(b)(1)(A). (See also Def. main brief at 17-18.) In addition, Defendants could file an

22

analysis and the Court may dismiss the Section 301 claim at Count I in addition to Plaintiff's two state counts (which it is required to dismiss under Garmon). This conclusion is also true because, at bottom, Plaintiff's damages claim reduces to a complaint about the fairness of NLRB-supervised elections, and such Section 9 representational matters may not be reviewed. (See Def. main brief at 10-11, 19-22).

**POINT TWO: Even Assuming Arguendo That Plaintiffs' Section 301 Claim Is Not Per Se Barred, The Court Should Find On The Merits That Such Claim Is Barred Because It Seeks An Unlawful Remedy Under Sections 7, 8 And 9 Of The NLRA.**

Assuming arguendo that the court decides to consider the Section 301 claim (Count I) of Plaintiff, then the court should address the merits of the NLRA-defense of Defendants and dismiss Count I in any event because it seeks a remedy that violates the rights of Defendants under Sections 7 of the NLRA. Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 83-84 (1982); Courier Citizen Co. v. Graphic Comm. Union, 702 F.2d 273, 277 and n.6 (1st Cir. 1983).

The basis for reaching this conclusion is straightforward and conceded largely by Plaintiff. Plaintiff concedes as he must that Sections 7 and 8 protect the conduct of Defendants attacked in this lawsuit because it relates to accessing NLRB procedures. (Pl. Oppos. at 6-7.) Plaintiff concedes this to the extent that Defendants are "citizens" (Pl. Opp. at 7) and "members" of SEIU (Comp. at ¶¶4-5; Pl. Opp. at page 7). But Plaintiff seeks refuge from these concessions by stating the citation-free claim that Defendants are divested of such rights where, as here, they were "employees" of a union (Local 134). (Pl. Oppos. at 7.) For three reasons that argument is frivolous.

---

unfair labor practice charge against Plaintiff based upon the Plaintiff filing this lawsuit. Thus Plaintiff's sarcastic rhetorical questions to the contrary are without merit.

First, it is frivolous because Plaintiff asserts in Count I that Defendants' conduct violated the international constitution at Article XVI, a provision that relates to conduct of "members", not "employees". (Comp. at 16; Pl. Aff. Attach. at 32.) Therefore Plaintiff's complaint, by seeking to enforce the SEIU international constitution at Article XVI, is in fact suing Defendants as former members, contrary to the argument at page 14 of Plaintiff's brief. Second, assuming arguendo Defendants' are sued for conduct as former employees of the union, still Plaintiff alleges no provision in the international constitution that regulates the conduct of employees relevant to Count I. Therefore it is fair to infer that none exists and Count I fails.

Third, assuming further (contrary to fact) that there was such a provision, still it could not be enforced as applied in this lawsuit because it seeks an unlawful objective. In particular, contrary to the position advanced by Plaintiff, the Supreme Court has long held that a labor union, in its capacity as an employer, is subject to the same rules as any other employer engaged in interstate commerce and subject to the jurisdiction of the Act. Office Employees Inter'l Union, Local 11 v. NLRB (Oregon Teamsters), 353 U.S. 313 (1957). Indeed, § 2(2) of the Act specifically recognizes that labor unions are employers when acting as an employer. The Board in Quesnell, 328 NLRB 1079, 1081 (1999) reiterated its longstanding precedent on this issue:

> Employees of a union have the same right to engage in protected, concerted, and union activities as employees of any other employer. Accordingly, if a union, acting as an employer, interferes with, restrains or coerces its employees in the exercise of their Section 7 rights, the union violates Section 8(a)(1) and/or (3) of the Act, Office Employees International Union v. NLRB, 353 U.S. 313 (1957); Butchers Local 115, 209 NLRB 806, 809 (1974).

Quesnell, 328 NLRB at 1081.

With respect to Defendants' argument that this lawsuit violates Section 8(a)(1), the Court may review Thorenson, 341 NLRB No. 114 (2004 NLRB LEXIS 215) (2004). There the NLRB

found that the union (as employer) did not violate the law by terminating a disloyal employee for engaging in protected activity under Section 7 because the union's interests in ridding itself of such employee outweighed the employee's Section 7 rights. **However**, the NLRB held that the union-employer's threat of economic reprisal, after he was terminated, if the employee filed an unfair labor practice, was unlawful and violated Section 8(a)(1) because it was an overreaching penalty that was not narrowly tailored and therefore did not outweigh the employee's Section 7 interests. See Thorenson 341 NLRB No. 114, 2004 NLRB LEXIS 215, specifically at pages **45-48 (2004) (NLRB adopting reasoning and Order of ALJ in this regard); see also NLRB v. Local Union No. 1229, IBEW, 346 U.S. 464 (1953) ("Jefferson Standard") (lead Supreme Court case balancing Section 7 mutual aid rights with the employer's rights to prohibit disparagement/disloyalty for violations of Section 8(a)(1)). Cf. SEIU v. Remzi, 2004 NLRB LEXIS 738 (2004) (termination not overreaching penalty). These cases show that the lawsuit here, which seeks $100,000 plus in damages falls within the holding in Thorenson because the economic reprisal sought by Plaintiff in this lawsuit is overreaching and outweighed by Defendants' Section 7 interest and therefore constitutes a violation of Section 8(a)(1).[2] See also Bill Johnson's Rest. v. NLRB, 461 U.S. 731 (1983) (lawsuit may constitute unfair labor practice). Regarding the concept that the instant lawsuit seeks an illegal remedy under Section 8(b)(1)(A), see, e.g., Rite Aid Corp., 305 NLRB 832, 835 (1991).

The foregoing supplemental analysis shows that Count I may be dismissed on the merits of Defendants' NLRA defense, and it also reinforces Garmon preemption of Counts II and III.

---

[2] Thorenson answers the sarcastic contention posed by Plaintiff in its brief about how it is "absurd" to think that a termination may be lawful but other actions unlawful. (Pl. Oppos. at page 7.)

**POINT THREE: A Six Months Statute Of Limitations, And Exhaustion Of Internal Remedies, Are Reinforced By The SEIU International Constitution.**

The Section 301 claim is based upon the international constitution. The international constitution contains a six month limitations period for bringing charges against a member under Article XVI, as is alleged in this lawsuit: "No charges may be filed more than six months after the charging party learned, or could have reasonably learned, of the act of acts which are the bases of the charges." (Pl. Aff. Attach. at page 33: Art. XVII, Sec. 2(a).) This same article provides for exhaustion of internal remedies, contrary to the argument of Plaintiff. (Pl. Aff. Attach. at page 36: Art. XVII, Sec. 8.)

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE LOCAL COUNSEL:

John W. Dineen, RI Bar #2346
Yessor Glasson & Dineen
Counselors at Law
One Providence Washington Plaza
Providence, RI 02903
Tele. #: 401-331-3550
Fax #: 401-331-9267

Dated: March 31, 2005

Respectfully submitted,

On behalf of Defendants,

Karen McAninch and Charles Wood,

By their attorneys,

ASSOCIATE COUNSEL,
ADMISSION PRO HAC VICE:

Alan J. McDonald, Esq.
Jack J. Canzoneri, Esq.
McDonald & Associates
153 Cordaville Road, Ste. 210
Southborough, MA 01772
Tele. #: 508-485-6600
Fax #: 508-485-4477

Dated: March 30, 2005

**Certificate of Service**

I, John W. Dineen, hereby certify that I have this day, by first-class mail, postage prepaid, served a copy of the foregoing Defendant's Three Reply Points In Support Of Their Motion For Judgment On Pleadings upon Counsel for Plaintiff: (1) Associate Local Counsel, Richard M. Peirce (#0564), Roberts, Carroll, Feldstein & Pierce, Ten Weybosset Street – 8th Floor, Providence, RI 02903 [Tele. #401-521-7000; Fax #: 401-521-1328]; (2) Associate Counsel, Admission Pro Hac Vice, Thomas M. Kennedy, Esq. and Stuart Lichten, Kennedy, Schwartz & Cure, P.C., 113 University Place, New York, NY 10003 [Tele.# 212-358-1500].

Dated: March 31, 2005

John W. Dineen, RI Bar #2346